IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THAICOM PUBLIC COMPANY LIMITED,

Plaintiff,

v.

QUALCORE LOGIC (ANALOG), INC.,

Defendant.
_____/

**No. C 09-02800 RS**

**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT**

## I. INTRODUCTION

THIS MATTER is before the Court on plaintiff Thaicom Public Company Limited's motion for default judgment. For the reasons stated below, the motion will be granted and default judgment will be entered against the defendant, Qualcore Logic (Analog), Inc.

## II. BACKGROUND

Thaicom brought this action in June of 2009, alleging that Qualcore had breached the terms of a written settlement agreement, pursuant to which Qualcore was required to make 60 monthly payments to Thaicom of $4166.67 each, for a total of $250,000. Complaint ¶ 10. Qualcore only

made six payments under the agreement, the last of which was made on January 31, 2007, for a total of $41,666.70. Complaint ¶ 12.

The complaint was personally served on Qualcore's agent for service of process on June 24, 2009. See Declaration of Leeron G. Kalay in Support of Request for Default Judgment, Exh. A. Thaicom subsequently received a request from an attorney employed by an affiliate of Qualcore seeking an extension of time to respond to this action, for the purpose of allowing the parties to engage in settlement negotiations. See Declaration of Matthew L. Levine in Support of Request for Entry of Default, ¶ 4. The attorney advised Thaicom that in the event the parties did not reach a settlement, Qualcore was unlikely to answer or otherwise respond to the complaint. *Id*. at ¶ 5.

The parties failed to reach a settlement, and the extension of time granted by Thaicom expired. *Id*. at ¶ 6. At Thaicom's request, the Clerk entered Qualcore's default on September 2, 2009. This motion was heard on November 18, 2009. Qualcore did not appear at the hearing.

### III.  STANDARD

Following entry of default, courts are authorized to grant default judgment in their discretion. See Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the factors the court may consider include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

As to damages, when the damages claimed are not readily ascertainable from the pleadings and the record, the court may (but is not required to) conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). California statutory law, which governs the contract here, provides that "[n]o damages can be recovered for a breach of contract which are not clearly

1  ascertainable in both their nature and origin." Cal. Civ. Code § 3301. The measure of damages for
2  breach of contract is the amount that will compensate the injured party for all the detriment
3  proximately caused by the breach, or which, in the ordinary course of events, will be likely to result
4  from the breach. Cal. Civ. Code § 3300. Damages are awarded in a breach of contract action to
5  give the injured party the benefit of the bargain, and insofar as possible to place that party in the
6  position he or she would have been in had the promisor performed the contract. *Noble v. Tweedy*, 90
7  Cal. App. 2d 738, 745 (1949).

## IV. DISCUSSION

In this case, the *Eitel* factors strongly weigh in favor of granting Thaicom's motion for default judgment. The allegations in the complaint, taken as true, establish the existence of Qualcore's obligation to pay and its breach. There is no uncertainty as to the amount of damages, as they are readily calculable from the face of the parties' contract and are clearly set out both in the complaint and in the declaration submitted in support of this motion. It appears likely that Qualcore would not dispute any of the facts and that it has made a business decision to allow judgment to be entered against it. Qualcore plainly had notice of this action and the precise amount of damages claimed, and it understood that it had an obligation to file a response. Qualcore may be presumed to have understood the consequences of failing to respond, as it apparently had the advice of counsel.

Under these circumstances, the policy favoring decisions on the merits must yield to plaintiff's right to a judicial determination of its claim. Judgment for Thaicom will be entered in the principal amount of $166,666.80. Pursuant to California Civil Code §3289, Thaicom seeks prejudgment interest at the rate of 10 percent. Because the damages were certain, prejudgment interest is appropriate.

At the hearing, and by supplemental declaration, Thaicom has requested interest from and after February 17, 2007, one month after the last payment was made, and when the next payment was due. Because the principal amount past due continued to increase each month until September of 2009, Thaicom has provided a breakdown of the interest accruing each month, and has shown that as of September 16, 2009, the total amount of interest due was $25,833.35. See Supplemental

3

1 Kalay Decl., Exh A. Thereafter, interest continued to accrue on the full principle balance of
2 $166,666.80 at the rate of $45.66 per day ($166,666.80 × 10% ÷ 365). From September 17, 2009,
3 through the date of this order, 111 days have elapsed, resulting in additional interest of $5068.26.
4 Accordingly, the total prejudgment interest amount is $30,901.61.

## V. CONCLUSION

The motion is granted. Default judgment will be entered in the principal amount of $166,666.80 with prejudgment interest of $30,901.6 for a total of $197,568.41.

IT IS SO ORDERED.

Dated: January 5, 2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE